UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>                    Plaintiff,<br><br>     v.<br><br>J. WANG, et al.,<br><br>                    Defendants.<br>                                                        / | CASE NO.   1:10-cv-01783-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>(ECF No. 17) |

**ORDER**

Plaintiff Timothy Howard ("Plaintiff") is a state prisoner and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 28, 2010. (ECF No. 1.) Plaintiff then filed an Amended Complaint on January 13, 2011. (ECF No. 16.) No other parties have appeared.

Pending before the Court is a motion requesting that the Court take judicial notice of settled case law filed January 21, 2011. (ECF No. 17.)

Plaintiff requests that the Court take judicial notice of several cases: Hamilton v. Endell, 981 F.2d 1062 (9th Cir. 1992), Washington v. Dugger, 860 F.2d 1018 (11th Cir.

1

1988), Martinez v. Mancusi, 443 F.2d 921 (2nd Cir. 1970), and Williams v. O'Leary, 805 F.Supp. 634 (N.D.Ill. 1992). Plaintiff states that these cases stand for the proposition that, if prison officials send prisoners with special needs to outside specialists, the official are obligated to carry out the specialists orders.

The Court may take judicial "notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citation omitted). However, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiff has not offered any specific adjudicative facts and there is currently no evidentiary proceeding before the Court in which the offering of adjudicative facts via a request for judicial notice is appropriate (e.g., a motion for summary judgment or trial). Therefore, Plaintiff's motion for judicial notice is denied.

Based on the foregoing, the Court HEREBY ORDERS that Plaintiff's Request for Judicial Notice be DENIED.

IT IS SO ORDERED.

Dated:   July 14, 2011

UNITED STATES MAGISTRATE JUDGE