UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. WANG, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.   1:10-cv-01783-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 13)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.　PROCEDURAL HISTORY**

Plaintiff Timothy Howard ("Plaintiff") is a state prisoner and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 28, 2010. (ECF No. 1.) Plaintiff then filed an Amended Complaint on January 13, 2011. (ECF No. 16.) No other parties have appeared.

Pending before the Court is Plaintiff's Motion requesting injunctive relief, filed January 13, 2011. (ECF No. 13.)

///

1

## II. ARGUMENT

In the Motion, Plaintiff details the statement of facts from his Complaint, and describes incidents that occurred in 2006, 2009, and 2010. Plaintiff states that he is still being denied adequate medical treatment by Defendants.[1] Specifically, Plaintiff alleges that he is being denied adequate medical treatment contrary to a neurologists recommendations. Plaintiff states that he is still not being adequately treated for the injuries suffered to his left foot.

## III. LEGAL STANDARDS

A temporary restraining order (TRO) may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed. R. Civ. P. 65(b).

The standards for a TRO are essentially the same as that for a preliminary injunction. To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)

---

[1] Plaintiff lists other individuals as Defendants including Beregovskaya, Enenmoh, Byers, and Jean Pierre. These individuals are not named as defendants in the Complaint and will not be included here.

2

(citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives Winter and continues to be valid.  Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).  Under this sliding scale, the elements of the preliminary injunction test are balanced.  As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## IV.     ANALYSIS

Plaintiff claims that he can meet all criteria necessary to be granted injunctive relief in that: 1) Defendants are acting with deliberate indifference to Plaintiff's needs contrary to other doctor's orders; 2) Plaintiff is likely to succeed on the merits; 3) without the Court's help, Plaintiff will suffer irreparable harm to his left foot without proper treatment; 4) the equities tip in his favor; and 5) the relief sought serves the public interest.

Plaintiff claims that one doctor ordered pain medication, and another defendant denied that order.

The Court finds that, at this stage in the proceedings, Plaintiff fails to meet the legal standards required to be granted injunctive relief.  To succeed on such motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Plaintiff's conclusory statements do not meet any of these standards.  First, Plaintiff has not demonstrated that he will succeed on the merits of his case.  He makes one statement that he will, but fails to demonstrate how.  Upon cursory review, Plaintiff's complaints seem to be more akin to a disagreement with the course of treatment than deliberate indifference to Plaintiff's condition.  Such disagreement is insufficient to state a claim for an Eighth Amendment violation.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.")  Thus, Plaintiff does not appear likely to succeed on the merits.

Second, Plaintiff states that he will suffer irreparable harm to his left foot if he doesn't get treatment.  However, Plaintiff's Complaint is not about his left foot injuries.  It's about the removal of medical appliances and not receiving pain medication.

Plaintiff's conclusory statements that injunctive relief will serve the public interest and that the balance of equities tips in his favor are not persuasive.

The Court also notes that Plaintiff's Complaint alleges constitutional violations by Defendants Wang and Clark.  However, in this Motion, it appears that Plaintiff is asking that different individuals, not subject to this action, be ordered to comply.  Any ordered action of the individuals in Plaintiff's Motion would not remedy the alleged wrongs by Defendants Wang and Clark.  Therefore, the Court lacks jurisdiction to issue the order sought by Plaintiff.

## V.     CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion

4

for a Temporary Restraining Order and Preliminary Injunction be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   July 14, 2011

UNITED STATES MAGISTRATE JUDGE