UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>        Plaintiff,<br>   v.<br><br>J. WANG, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:10-cv-01783-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 23)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.    PROCEDURAL HISTORY**

Plaintiff Timothy Howard ("Plaintiff") is a state prisoner and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 28, 2010. (ECF No. 1.) Plaintiff then filed an Amended Complaint on January 13, 2011. (ECF No. 16.) No other parties have appeared.

Pending before the Court is Plaintiff's motion titled "Order to Show Cause for Preliminary Injunction" filed on August 17, 2011. (ECF No. 23.) The document appears to be a proposed order requiring Defendants to show cause as to why a preliminary

1

injunction should not be issued against them.  The Court construes this filing as a motion for injunctive relief.

## II.    MOTION

In the Motion, Plaintiff alleges that he is being denied adequate medical care. Specifically, Plaintiff contends that he has been deprived of medical care, medical appliances, and medication since August 21, 2009.

## III.    LEGAL STANDARDS

A temporary restraining order (TRO) may be granted without written or oral notice to the adverse party or that party's attorney only if:  (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  See Fed. R. Civ. P. 65(b).

The standards for a TRO are essentially the same as that for a preliminary injunction.  To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the

merits survives <u>Winter</u> and continues to be valid. <u>Alliance for Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1052-53 (9th Cir. 2010). Under this sliding scale, the elements of the preliminary injunction test are balanced. As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. <u>Id.</u>

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## IV. ANALYSIS

Plaintiff does not address any of the required criteria. The Court finds that, at this stage in the proceedings, Plaintiff fails to meet the legal standards required to be granted injunctive relief. To succeed on such motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Plaintiff's conclusory statements do not meet any of these standards. As stated in the Court's Order denying Plaintiff's previous request for injunctive relief, upon cursory review, Plaintiff's complaints seem to be more akin to a disagreement with the course of treatment than deliberate indifference to Plaintiff's condition. Such disagreement is insufficient to state a claim for an Eighth Amendment violation. <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.") Thus, Plaintiff does not appear likely to succeed on the merits.

## V. CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for a Temporary Restraining Order be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated: September 2, 2011

UNITED STATES MAGISTRATE JUDGE

4