1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10  TIMOTHY HOWARD,                          CASE NO.    1:10-cv-01783-AWI-GBC (PC)

11              Plaintiff,                   AMENDED COMPLAINT DISMISSED WITH
                                             LEAVE TO AMEND
12       v.
                                             (ECF No. 16)
13  J. WANG, et al.,
14                                           SECOND AMENDED COMPLAINT DUE
                Defendants.                  WITHIN THIRTY DAYS
15  _____/
16
17                                    **SCREENING ORDER**
18  **I.    PROCEDURAL HISTORY**
19
        Plaintiff Timothy Howard ("Plaintiff") is a state prisoner and is proceeding pro se and
20
    in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this
21
22  action on September 28, 2010.  (ECF No. 1.)  Plaintiff then filed an Amended Complaint

23  on January 13, 2011.  (ECF No. 16.)  No other parties have appeared.

24      Plaintiff's Amended Complaint is now before this Court for screening.[1]  For the
25  _____
26          [1] Plaintiff filed an Amended Complaint before the Court screened his original complaint.  The
    Amended Complaint supercedes the original complaint.  The Court will therefore screen the Amended
27  Complaint and disregard the original complaint.

                                          1

reasons set forth below, the Court finds that it fails to state a claim upon which relief may be granted.

## II.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

//

///

//

2

### III.   SUMMARY OF COMPLAINT

Plaintiff brings this action for violation of his Eighth Amendment right to adequate medical care and his right to be free from cruel and unusual punishment.  Plaintiff names the following individuals as Defendants: J. Wang, medical doctor and Edgar Clark, medical doctor.   Both Defendants were employed at Corcoran State Prison at the time of the incidents.

Plaintiff alleges as follows:   Plaintiff was previously diagnosed with mild quadriparesis, greater on the right side of his body than the left.  On August 21, 2009, Plaintiff had to be physically extracted from his cell.  During the extraction, his left foot was apparently injured.  Defendant Wang informed Plaintiff that his left foot was sprained with a possible metatarsal fracture.  Wang then cleared him to return to his cell, stated that Plaintiff should continue with the same medication, and that he should stay off of his left foot.  Defendant Clark then came in the room and informed Plaintiff that an Investigative Services Unit Lieutenant wanted Plaintiff removed from the disability program, and all medical appliances and pain medication discontinued.

Plaintiff was then transferred to Corcoran Substance Abuse Treatment Facility (CSATF) without pain or seizure medication, or chronos for any medical appliances.  Plaintiff was forced to stand on his left foot causing severe pain and crawl to the door for food and medication.

On August 25, 2009, Plaintiff was taken to the prison hospital where it was discovered that medication was not forwarded at the time of the transfer, nor were any medical appliances.  Both Defendants Wang and Clark had signed off on the removal of medical appliances from Plaintiff's chronos and failed to forward his pain and seizure

3

medication.  That same day, both pain and seizure medication were ordered for Plaintiff.

Plaintiff was also informed that he would be given a wheel chair and crutches.

Plaintiff seeks injunctive and declaratory relief, compensatory, punitive, and nominal

damages, attorney fees, and costs.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to
> the deprivation of any rights, privileges, or immunities secured
> by the Constitution . . . shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for
> redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal

Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

1997) (internal quotations omitted).

### A.   Eighth Amendment

Plaintiff alleges that he received inadequate medical care and also that he was

subjected to cruel and unusual punishment through the withdrawal of all medication and

medical appliances.

#### 1.   Medical Claims

Plaintiff alleges inadequate medical care and deliberate indifference to his serious

medical condition.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439

F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The

4

two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v.

5

Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff states that Defendants Clark and Wang both signed the medical chrono calling for the discontinuance of medical appliances upon Plaintiff's transfer to a different facility and that they failed to send his medication with him.

As currently pleaded, neither Defendant violated Plaintiff's right to adequate healthcare.  Defendant Wang examined Plaintiff and recommended that his disability status and medication be continued.  Defendant Clark told Plaintiff that another officer wanted Plaintiff's medical appliances removed and his disability status continued. Apparently, days later, Defendants Wang and Clark signed an order removing Plaintiff's medical appliances upon transfer and failed to send medication.  It appears that, at most, Defendants were negligent in that they signed an order withdrawing medical appliances and when they failed to forward the medication.  This does not demonstrate deliberate indifference.  It appears that Plaintiff would like the Court to infer that because Defendant Clark told Plaintiff that another officer wanted appliances removed, Clark deliberately

removed Plaintiff's appliances.  The Court will not jump to this conclusion.  Plaintiff has failed to state a claim against both Defendants and will be given leave to amend these claims.

### 2.   Cruel & Unusual Punishment

Plaintiff appears to be alleging that he was subjected to cruel and unusual punishment when Defendants discontinued Plaintiff's pain medication and use of medical appliances.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety.  See id.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation."  Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need," and "harm caused by the indifference."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id.

at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id.</u> (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).

As stated above, as currently pleaded, Plaintiff has not demonstrated deliberate indifference, but perhaps, negligence, which is not actionable under Section 1983. Plaintiff will be given leave to amend this claim. However, it appears that he would be well-suited to concentrating on this claim as a claim for medical care.

## V. INJUNCTIVE RELIEF

In his prayer for relief, Plaintiff seeks injunctive relief including that he receive proper medical care and appliances.

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct. 365, 374 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives <u>Winter</u> and continues to be valid. <u>Alliance for Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1052-53 (9th Cir. 2010). Under this sliding scale, the elements of the preliminary injunction test are balanced. As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. <u>Id.</u>

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court finds that, at this stage in the proceedings, Plaintiff fails to meet the legal standards required to be granted injunctive relief.  To succeed on such motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Plaintiff has not addressed any of the legal requirements to meet the standard.  He does not state anything about the merits of this action, does not refer to any irreparable harm, the balance of equities or the public good.  The Court also notes that, according to the First Amended Complaint, Plaintiff was transferred to a different facility which would mean that Plaintiff is asking that different individuals, not subject to this action, be ordered to comply.  Any ordered action of the individuals not named in the suit would not remedy the alleged wrongs by Defendants Wang and Clark.  Therefore, the Court lacks jurisdiction to issue the order sought by Plaintiff.

## VI.  **CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his

constitutional rights. <u>Iqbal</u>, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. <u>Jones</u>, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.      Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:10-cv-1783-AWI-GBC (PC);

3.      Plaintiff's request for injunctive relief is DENIED; and

//

10

1      4.      If Plaintiff fails to comply with this order, this action will be dismissed for

2      failure to state a claim upon which relief may be granted.

3    IT IS SO ORDERED.

4

5    Dated:    September 16, 2011

                                    UNITED STATES MAGISTRATE JUDGE

11