# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>　　　　Plaintiff,<br>　　v.<br>J. WANG, et al.,<br>　　　　Defendants.<br>_____/ | CASE NO.   1:10-cv-01783-AWI-GBC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF Numbers #13 & #20) |

**ORDER**

Plaintiff Timothy Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's First Amended Complaint, filed January 13, 2011. (ECF No. 16.) Plaintiff's First Amended Complaint has not yet been screened by the Court.

On January 13, 2011, Plaintiff filed a motion seeking a temporary restraining order. (ECF No. 13.) In that Motion, Plaintiff requested that Defendants be required to provide adequate medical care. Plaintiff described incidents that occurred in 2006, 2009, and

1

2010. Specifically, Plaintiff alleged that he was being denied adequate medical treatment contrary to a neurologists recommendations.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On July 14, 2011, the Magistrate Judge filed a Findings and Recommendation recommending that Plaintiff's Motion for Temporary Restraining Order be denied.  (ECF No. 20.)  The Magistrate Judge found that Plaintiff failed to meet the legal prerequisites for injunctive relief and included persons not involved in this action.[1]  In his Objection, Plaintiff repeats the arguments made in his Motion and First Amended Complaint, contending that he is still not receiving adequate medical care. These arguments remain unpersuasive.

Furthermore, the Court also notes that it appears that Plaintiff has been transferred to a new facility as he filed a change of address with the Court.  (ECF No. 21.)  Generally, when a prisoner complains of unconstitutional conditions of confinement and is transferred to another facility, a claim for injunctive relief from those conditions becomes moot.  See Brady v. Smith, 656 F.2d 466, 468 (9th Cir. 1981); Darring v. Kinchoe, 783 F.2d 874, 876 (9th Cir. 1986); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1990).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendation to be supported by the record and by proper analysis.

---

[1] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Defense Council, 129 S.Ct. 365, 374 (2008)).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed July 14, 2011, is ADOPTED; and

2. Plaintiff's Motion for Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Dated: September 29, 2011

CHIEF UNITED STATES DISTRICT JUDGE