# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD, | CASE NO. 1:10-cv-01783-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| J. WANG, et al., | |
| Defendants. | Doc. 28 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History, Screening Requirement, and Standard**

On September 28, 2010, Plaintiff Timothy Howard ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On January 13, 2011, Plaintiff filed a first amended complaint. Doc. 16. On September 16, 2011, the Court issued a screening order, dismissing Plaintiff's first amended complaint, with leave to amend. Doc. 26. On October 14, 2011, Plaintiff filed his second amended complaint. Doc. 28.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
4  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

5       A complaint must contain "a short and plain statement of the claim showing that the pleader
6  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
8  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell*
9  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge
10 unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While
11 factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

12      While prisoners proceeding pro se in civil rights actions are still entitled to have their
13 pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
14 now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must
15 demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*
16 *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
17 sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret*
18 *Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting
19 this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

20      Section 1983 provides a cause of action for the violation of constitutional or other federal
21 rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
22 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link
23 between the violation of his rights and an action or omission of the defendant. *Iqbal*,129 S. Ct. at
24 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,
25 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may
26 only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50;
27 *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).
28 //

## II. Allegations in Plaintiff's Second Amended Complaint

In Plaintiff's second amended complaint, he names Defendants J. Wang and Edgar Clark, Medical Doctors who were employed at Corcoran State Prison ("Corcoran"). 2d Am. Compl. at 1-3, Doc. 28. On August 21, 2009, Plaintiff sustained injuries to his left foot from a cell extraction that required examination. *Id.* at 3, 5-6. He was taken to the hospital at Corcoran, and Defendant Dr. Wang informed Plaintiff that his left foot was sprained with possible fracture but noted that Plaintiff cannot walk because he is paralyzed. *Id.* at 6-7. Dr. Wang ordered Plaintiff returned to his cell with D.P.W. status (full-time wheelchair user) with pain / seizure medication and no weight on the left foot. *Id.* Defendant Dr. Clark then arrived after Dr. Wang left the room. *Id.* Dr. Clark was hostile, unprofessional, and verbally abusive. *Id.* Dr. Clark said he spoke with the investigative services unit, and they wanted Plaintiff removed from the disability program and left inside his cell with no medical appliances and no pain medication. *Id.* Plaintiff said that their version of the events was false and that he never stood, ran, kicked, or broke any appliance. *Id.* Defendant Clark then approved his transfer to Folsom. *Id.* at 8. Plaintiff was transferred without any orders for medication or chronos for appliances such as a wheelchair. *Id.* Later that day, Nurse C. Espinoza completed a form for appliances and pain / seizure medication. *Id.* at 8-9.

Plaintiff could not walk and was forced to crawl on his stomach for food and bathroom and when he did not crawl fast enough, custody would refuse to feed Plaintiff. *Id.* at 9. On August 25, 2009, medical staff at CSATF reviewed Plaintiff's medical chart, ordered pain / seizure medication, and had his left foot x-rayed. *Id.* On March 30, 2010, an neurologist examined Plaintiff and diagnosed him as paralyzed. *Id.* Plaintiff had to wait seven months to see a neurologist. *Id.* at 10. Defendant Clark denied medication and appliances in retaliation. *Id.* The neurologist denied Plaintiff a wheelchair. *Id.* Plaintiff alleges cruel and unusual punishment. *Id.* at 14.

For relief, Plaintiff seeks declaratory relief and nominal, compensatory, and punitive damages. *Id.* at 3.

//
//
//

### III. Legal Standard and Analysis for Plaintiff's Claims
### A. Eighth Amendment Deliberate Indifference to Serious Medical Need
### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th

Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

**2. Analysis**

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges Defendants were indifferent to his medical needs. Plaintiff seems to allege that Dr. Clark was bound by the diagnosis of Dr. Wang. Plaintiff's allegations may, at most, amount to negligence, which is insufficient to hold a defendant liable for <u>deliberate</u> indifference to a serious medical need, under the Eighth Amendment.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with *reasonable medical certainty* that: (1) the prisoner's symptoms evidenced a

<u>serious disease or injury</u>; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Id.* at 48 (emphasis added); *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Plaintiff alleges that Defendant Dr. Clark failed to provide medical appliances and pain / seizure medication. However, Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48. <u>As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs</u>. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added). Even when Plaintiff was finally seen by a neurologist, the neurologist also found that Plaintiff was not entitled to a wheelchair.

Although Plaintiff alleges he was required to crawl along the floor of his cell to obtain food, he does not allege that Defendants were actually aware of this circumstance. Thus, even with liberal construction, Plaintiff's second amended complaint does not allege deliberate indifference to a medical need because that high standard requires that the defendant actually *knew of and acted in conscious disregard* of a known serious risk. Moreover, mere verbal harassment or abuse alone is not sufficient to state a claim under § 1983, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.

1987), and threats do not rise to the level of a constitutional violation, *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). The second amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

### B. First Amendment Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff alleges Dr. Clark retaliated against him, but Plaintiff fails to allege he was engaged

in protected conduct; that such action chilled the exercise of his First Amendment rights; and that the action did not reasonably advance a legitimate correctional goal. Plaintiff's conclusory allegations of retaliation fail to state a claim.

### C. Eighth Amendment Cruel and Unusual Punishment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). But this is not a mandate for comfortable prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Indeed, prison conditions may be both restrictive and harsh without violating the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Within this construct, however, prison officials must provide food, clothing, shelter, sanitation, medical care, and personal safety. *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment when these two components are met: (1) the deprivation alleged must be objectively sufficiently serious; and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, courts consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation over an extended time are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *Id.* at 732-33.

Courts have found that temporarily depriving prisoners of a mattress does not violate the Eighth Amendment. *See, e.g., Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir.1988) (holding that allegation that inmate slept without a mattress for one night is insufficient to state an Eighth Amendment violation), *vacated on other grounds*, 493 U.S. 801 (1989); *see also O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996) (no Eighth Amendment violation where inmate forced to sleep on cement slab for four (4) days); *Williams v. Delo*, 49 F.3d 442, 445-46 (8th Cir. 1995) (no Eighth Amendment violation where inmate failed to allege any evidence that his health was impaired as a result of four (4) day confinement in a cell without clothes or bedding). In the majority of decisions where the court considered whether failure to provide a mattress to an

inmate violated the Eighth Amendment, the failure was accompanied by other factors such as extreme cold, lack of sanitary conditions, solitary confinement, inadequate clothing, or improper diet. *See, e.g., Sellars v. Beto*, 409 U.S. 968, 969 (1972) (solitary confinement, in cell twenty-four hours a day, only fed bread and water, no mattress); *Rodgers v. Thomas*, 879 F.2d 380, 385 (8th Cir. 1989) (no toilet or sink, clothing confiscated, only allowed to shower once every five days, no mattress); *French v. Owens*, 777 F.2d 1250, 1253 (7th Cir.1985) (shackled to bed, sometimes stripped, denied right to use toilet, had to lie in own excrement, no mattress), *cert. denied*, 479 U.S. 817 (1986).

Similarly, being temporarily deprived of toothpaste does not violate the Eighth Amendment. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (depriving prisoner of toilet paper, soap, toothpaste and toothbrush while keeping him in filthy, roach-infested cell for a period of several days was not a constitutional violation); *see also Williams*, 49 F.3d at 444-46 (placement in strip cell without water, mattress, a toothbrush, toothpaste, deodorant, soap, sheets, blankets, pillow cases, pillows, his legal mail and/or clothing, for four days did not violate Eighth Amendment).

Plaintiff does not state a cognizable claim for Eighth Amendment cruel and unusual punishment against any Defendants. Plaintiff alleges he was forced to crawl on his stomach for food and bathroom and when he did not crawl fast enough, custody would refuse to feed Plaintiff. However, Plaintiff does not allege that the named Defendants were actually aware of Plaintiff's condition. Thus, there are no allegations that Defendants had knowledge of Plaintiff's specific complaints of cruel and unusual punishment.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon Eighth Amendment cruel and unusual punishment.

### IV. Conclusion and Recommendation

Plaintiff's amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in the claims and granted leave to amend but was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the undersigned recommends that further leave to amend is not warranted.

//

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. §§ 1915A and 1915(e), this action should be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983; and

2. The Clerk of the Court should be directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     March 30, 2012

_____
UNITED STATES MAGISTRATE JUDGE